HENRY WALSH, PETITIONER-RESPONDENT, v. ECLIPSE PIONEER DIVISION OF BENDIX AVIATION CORPORATION, RESPONDENT-APPELLANT.

Bergen County Court
Law Division

Decided April 13, 1964.

*Mr. Thomas J. Osborne, Jr.* for respondent (*Messrs. Vaccaro & Osborne,* attorneys).

*Mr. Walter R. Hespe* for appellant (*Mr. Walter H. Jones,* attorney).

G. H. Brown, J. C. C.  Petitioner-respondent in this workmen's compensation appeal has moved for an order of judgment to implement the decision of this court affirming an award to him. He also applies for a counsel fee. Respondent-appellant resists the application because it is "premature." It is argued that this is so because the respondent is considering an appeal; if an appeal is taken and is successful, then a fee allowance at this level would be vacated; and decisional law limits the allowance of fees to the party "ultimately prevailing when the matter is set to rest."

R. R. 5:2–5(f) authorizes the County Court's allowance of a reasonable fee to the attorney of "the prevailing party on appeal * * * for his services in the county court, the Appellate Division of the Superior Court, and the Supreme Court."

Respondent interpolates the word "ultimately" into the rule, so that the attorney to be compensated is the one representing the party "ultimately prevailing" when the result can no longer be affected by appeal.  According to the respondent, such a construction is compelled by two decisional authorities. *Comparri v. James Readding, Inc.,* 121 *N. J. L.* 591 (*Sup. Ct.* 1939), and *D. Kaltman & Co., Inc. v. Itzkowitz,* 133 *N. J. L.* 191 (*Sup. Ct.* 1945).

In *Comparri* the litigation was carried through the full appellate hierarchy to the Court of Errors and Appeals. The petitioners' award below was reduced by an adverse holding in the Supreme Court. The Court of Errors and Appeals affirmed the original award. Thereafter there were applications under *R. S.* 34:15–67 for counsel fees. A controversy in this area reached the Supreme Court. The employer argued that the Common Pleas judge should have allowed it a counsel fee for the services of its attorney in the Supreme Court because it had the judgment on *certiorari* there. The petitioners argued that because they obtained the ultimate decision in the top court they were therefore to be regarded as "prevailing" in the Supreme Court. On the point at issue it was decided *per curiam:*

"We are of the opinion that the words 'party prevailing' in this act must be construed to mean the party ultimately prevailing when the matter is finally set at rest, and that the petitioners were the prevailing party in both of the upper courts in view of the final outcome of the case." (at *p.* 593)

Thus, *Comparri* stands for the proposition that *when* a case is "finally set at rest," the party having prevailed terminally is deemed to have prevailed at all intermediate stages. This is the retrospective view from the vantage point of a case actually at rest. But the court in *Comparri* had nothing to say about a case that is still in motion.

The *Kaltman* opinion is of no aid because the party whose attorney's fee below had been questioned (only as to amount) was not the prevailing party on the merits pursuant to the opinion of the reviewing court. The issue was therefore moot. But it is significant that the Supreme Court in that case did not in any way even imply that the allowance of a counsel fee below was wrong, *per se.* *Kaltman* followed six years after *Comparri.*

The language of *R. R.* 5:2–5(f) clearly gives the County Court the power to allow a fee as an incident to the judgment already awarded. Although the cited decisions make it clear that an ultimately adverse judgment will undo the action, they do not support the contention that for such a reason an attorney's fee allowance at this time is "premature." Petitioner has been given a judgment on the main case which can be affected only in another forum. While respondent decides whether to seek appellate relief, petitioner should not be deprived of a benefit incidental to the judgment he has already recovered.

Petitioner's application for an order allowing a counsel fee will be heard.